IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Johnathan Ahren Emilien, | ) | Case No. 0:21-cv-1647-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Captain Scott Weeks; Sheriff Don Reynolds; Director Don Evans; Deputy Wix,; Deputy Braswell; Deputy Peyton; Deputy Franklin; Master Deputy Reed; Sgt. Smith, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 120) recommending that Defendants' motion for summary judgment (Dkt. No. 100) be granted. Plaintiff filed no objections to the R & R. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment

**I.    Legal Standards**

   **a.   Fed. R. Civ. P. 56(a)**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities

against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### b. Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### c. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

Plaintiff, a detainee at the Laurens County Detention Center, alleges that (1) Defendant Weeks failed to protect him from violence in violation of the Fourteenth Amendment, (2) Defendants Weeks, Evans, Wix, Braswell, Peyton, Franklin and Reed were deliberately indifferent to conditions of confinement in violation of the Fourteenth Amendment, and (3) Defendants Weeks, Reynolds, Franklin, Reed and Smith denied him access to the courts in violation of the Fourteenth Amendment. The Magistrate Judge ably and thoroughly addressed each of these claims. She found that Plaintiff "failed to produce any evidence that Defendant Weeks subjectively knew of and disregarded an objectively serious risk of harm to Plaintiff." (Dkt. No. 120 at 8). The Magistrate Judge further found that the challenged conditions of confinement, such as housing conditions and limited access to showers, were the result of measures taken by the Detention Center while Plaintiff was on suicide watch and when he was in maximum security because of his disruptive conduct. She further found that Plaintiff had failed to show any injury or deprivation that was sufficiently serious to implicate his constitutional rights. (*Id*. at 9-12). Finally, the Magistrate Judge found Plaintiff's allegations of denial of access to the courts were vague and failed to identify any injury. The Magistrate Judge noted that Plaintiff actively communicated with the court and consistently met deadlines, undermining any claim regarding interference with his ability to access the courts. (*Id*. at 12-13).

-4-

The Court finds that the Magistrate Judge correctly concluded that Plaintiff's claims were without legal merit and Defendants were entitled to summary judgment as a matter of law. The Court **ADOPTS** the R & R (Dkt. No. 120) as the order of the Court, **GRANTS** the Defendants' motion for summary judgment (Dkt. No. 100), and **DISMISSES** this action **WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 16, 2022
Charleston, South Carolina